E. B. HALL & COMPANY, PLAINTIFFS AND APPELLANTS, v. WILLIAM M. CALLINGHAM, DEFENDANT AND APPELLEE.

Argued June Term, 1906—Decided November 12, 1906.

Where a writing purporting to be a copy of an original letter is offered in evidence as secondary evidence of the original letter, it must be shown that the writing is in fact a true copy.

On appeal from the District Court of the city of Camden.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the plaintiffs, *Bleakly & Stockwell.*

For the defendant, *Frederick A. Rex.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the District Court of the city of Camden.

The plaintiff sued to recover a balance of $214, due, after the allowance of certain credits, for certain books alleged to have been sold and delivered by the plaintiffs to the defendant, pursuant to the terms of a written contract, dated June 4th, 1901. The judgment in the court below was for the defendant. The contract sued on was in the form of a subscription by Callingham for four sets of authors, aggregating seventy-nine volumes, viz., George Eliot's works, eighteen volumes; Victor Hugo's works, twenty volumes; Dumas' works,

eight volumes, and Balzac, thirty-three volumes, together with certain additional volumes to be delivered free.

All the books were delivered except the thirty-third volume of Balzac. It appeared by the evidence that shortly after such delivery the defendant complained to the plaintiffs and they wrote him letters, dated June 11th, 1901, and June 13th, 1901, respectively, offering to supply the thirty-third volume of Balzac as soon as they could buy the sheets and have them bound.

At the trial the defendant introduced in evidence, over the plaintiffs' objection, what purported to be a copy of a letter written by him to the plaintiffs, dated June 14th, 1901, informing plaintiffs that the books were held at his residence subject to their order, and that his subscription was canceled. The defendant also introduced in evidence, over the plaintiffs' objection, what purported to be a copy of a letter written by him to the plaintiffs, dated November 5th, 1901, informing the plaintiffs that the goods were awaiting their order, and unless he received instructions from them he would ship the books to their Boston address. The defendant also introduced in evidence, over the plaintiffs' objection, what purported to be a copy of a letter written by him to the plaintiffs, dated November 20th, 1901, informing the plaintiffs of the shipment of the books to them.

It appears by the state of the case that there was no evidence tending to show that the writings admitted in evidence were in fact copies of the original letters.

I think these copies were erroneously admitted.

Where a writing purporting to be a copy of an original letter is offered in evidence as secondary evidence of the original letter, it must be shown that the writing is in fact a true copy. 17 *Cyc.* 564.

This rule is stated and discussed in 1 *Tayl. Ev.* (*8th Eng. ed.*) 496, and it was, at an early day, recognized as the law of this state. *Wills* v. *McDole,* 2 *South.* 501.

The entire absence of such proof that the writings offered were true copies renders their admission erroneous.

The result is that the judgment below should be reversed and a *venire de novo* awarded.